# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD A. GARY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LOS ANGELES COUNTY SHERIFF,<br>ET AL.,<br><br>　　　　　Defendants. | Case No. CV 18-9545-PA (JEM)<br><br>MEMORANDUM AND ORDER<br>DISMISSING COMPLAINT WITH<br>LEAVE TO AMEND |

## **PROCEEDINGS**

On November 9, 2018, Reginald A. Gary ("Plaintiff"), proceeding pro se and in forma pauperis, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Complaint").

For the reasons set forth below, the Court finds that the Complaint should be dismissed with leave to amend.

///
///
///
///
///

**PLAINTIFF'S ALLEGATIONS**

Plaintiff alleges the following:

At all relevant times, Plaintiff was housed at the Los Angeles County Men's Central Jail ("Jail") and was detained civilly pursuant to the Sexually Violent Predation Act ("SVPA"). (Complaint at 6, 11.)[1]

On or about June 21, 2017, Plaintiff "was wrongly placed into the medical ward" for ten months following an altercation with another SVPA civil detainee. (Id. at 5.) There was no investigation, "just [Plaintiff] being placed in the medical ward away from everyone else" for ten months. Plaintiff attempted to submit grievances, but they were lost and he "received threats of harm" for making such grievances. (Id. at 5, 7.) These threats were "taken seriously" by Plaintiff because jail personnel disliked grievances and SVPA civil detainees. (Id. at 6.) All these acts were in violation of his First and Fourteenth Amendment rights. (Id. at 5.)

In addition, the County of Los Angeles has a policy or practice of treating SVPA civil detainees more restrictively than their criminal counterparts, in violation of the Fourteenth Amendment. (Id. at 12-16.)

Plaintiff names as Defendants: "Los Angeles Sheriff McDonald" in his individual capacity; and Captain Devalle, Sergeant Niel, Sergeant Lodge, and Lieutenant Bedogne in their individual and official capacities. (Id. at 3-4.) Plaintiff seeks damages. (Id. at 8.)

**DISCUSSION**

**I.     PLEADING STANDARDS**

A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) the plaintiff fails to state a cognizable legal theory; or (2) the plaintiff has alleged insufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In determining whether a complaint states a claim on

---

[1] The Court refers to the pages of the Complaint as numbered by the CM/ECF system.

which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Although a complaint "does not need detailed factual allegations" to survive dismissal, a plaintiff must provide "more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (rejecting the traditional "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). The complaint must contain factual allegations sufficient to rise above the "speculative level," Twombly, 550 U.S. at 555, or the merely possible or conceivable. Id. at 557, 570.

Simply put, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. A claim has facial plausibility when the complaint presents enough facts "to draw the reasonable inference that the defendant is liable." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). This standard is not a probability requirement, but "it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. A complaint that pleads facts that are merely consistent with liability stops short of the line between possibility and plausibility. Id.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Liability may be imposed on an individual defendant under § 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). A person

deprives another of a constitutional right within the meaning of § 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. Id. at 633. The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. Id. Sweeping conclusory allegations will not suffice; the plaintiff must instead "set forth specific facts as to each individual defendant's" deprivation of protected rights. Id. at 634.

In a pro se civil rights case, the complaint must be construed liberally to afford plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dept, 839 F.2d 621, 623 (9th Cir. 1988). Unless it is clear that the deficiencies in a complaint cannot be cured, pro se litigants are generally entitled to a notice of a complaint's deficiencies and an opportunity to amend prior to the dismissal of an action. Id. at 623. Only if it is absolutely clear that the deficiencies cannot be cured by amendment should the complaint be dismissed without leave to amend. Id.; Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007).

## II. THE COMPLAINT FAILS TO COMPLY WITH FED. R. CIV. P. 8

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Twombly, 550 U.S. at 555 (internal citation omitted). To comply with Rule 8, a plaintiff should set forth "who is being sued, for what relief, and on what theory, with enough detail to guide discovery." McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996). Conclusory allegations are insufficient. See Iqbal, 556 U.S. at 678 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"; a pleading that "offers labels

and conclusions or a formulaic recitation of the elements of a cause of action will not do.") (internal quotation marks and citation omitted).

Plaintiff's Complaint does not comply with the standards of Rule 8. Plaintiff's factual recitation is convoluted, confusing, and rambling. There is considerable confusion regarding the allegations set forth in the different parts of the Complaint and how those relate to his legal claims. Thus, it is difficult for Defendants to ascertain the nature and basis of Plaintiff's claims against them. Plaintiff's failure to plainly and succinctly provide Defendants with fair notice of the bases for his allegations violates Rule 8. See Cafasso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1059 (9th Cir. 2011); see also American Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1107-08 (9th Cir. 2000) ("[A] pro se litigant is not excused from knowing the most basic pleading requirements.").

Plaintiff's Complaint should be dismissed with leave to amend for failure to comply with Rule 8.

### III. THE COMPLAINT FAILS TO COMPLY WITH FED. R. CIV. P. 10.

Fed. R. Civ. P. 10(b) requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . . If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count[.]" Fed. R. Civ. P. 10(b). "Separate counts will be required if necessary to enable the defendant to frame a responsive pleading or to enable the court and the other parties to understand the claims." Bautista v. Los Angeles County, 216 F.3d 837, 840 (9th Cir. 2000) (citation omitted). "Courts have required separate counts where multiple claims are asserted, where they arise out of separate transactions or occurrences, and where separate statements will facilitate a clear presentation." Id. at 840-41. "In such cases, separate counts permit pleadings to serve their intended purpose to frame the issue and provide the basis for informed pretrial proceedings." Id. at 841. "'Experience teaches that, unless cases are pled clearly and precisely, issues are not

joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice.'" Id. (citations omitted).

Here, it appears that Plaintiff is attempting to assert claims for violations of his First and Fourteenth Amendment rights. However, his allegations are not set forth clearly as separately enumerated claims. Rather, allegations regarding various claims appear in the various parts of the Complaint. Plaintiff has not separately set forth his claims – including the supporting facts for each claim – as separate counts or explained the factual basis for each count, so as to allow the Court and Defendants to understand the scope and nature of Plaintiff's allegations.

Accordingly, the Complaint is subject to dismissal pursuant to Rule 10. If Plaintiff wishes to filed an amended complaint, he must set forth each claim as a separately and distinctly numbered claim. Any claim that is not clearly numbered or separated from all other claims <u>and</u> accompanied with the alleged facts supporting that claim will not be addressed as a separate claim for relief. Plaintiff must re-allege all facts that support his claims. He may not refer back to the Complaint.

## IV. THE COMPLAINT FAILS TO STATE A CLAIM AGAINST THE SHERIFF BASED ON HIS SUPERVISORY POSITION

Plaintiff names the Sheriff in his individual capacity only. Plaintiff states the following as the basis of his claims against the Sheriff: "Supervisor and control of all she[r]iff actions for liability there is a requisite causal connection to hold McDon[nell] liable." (Complaint at 3.)

In a Section 1983 action, a supervisory official cannot be held liable under a theory of respondeat superior or vicarious liability. See, e.g., Iqbal, 556 U.S. at 676. A supervisor's mere knowledge of the unconstitutional conduct of a subordinate does not amount to the supervisor's own violation of the Constitution. See id. at 677 (rejecting this

theory of supervisory liability). "Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." Id.

Under Section 1983, a supervisor may be liable if a plaintiff demonstrates either: (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Edgerly v. City & County of San Francisco, 599 F.3d 946, 961 (9th Cir. 2010); MacKinney v. Nielsen, 69 F.3d 1002, 1008 (9th Cir. 1995). Liability also can be established if the supervisor set in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury. Johnson, 588 F.2d at 743-44. However, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." Ivey, 673 F.2d at 268. Thus, a high ranking administrator such as the Sheriff cannot be held liable under Section 1983, absent a showing that he was personally involved in the constitutional deprivation, or if there was a sufficient causal connection between the Sheriff's wrongful conduct and the constitutional violation. See Redman v. Warden of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991).

Plaintiff alleges no facts demonstrating that he had personal encounters with the Sheriff at any time during his confinement at the Jail. Plaintiff alleges no facts demonstrating that the Sheriff was personally involved in or individually caused the alleged constitutional deprivations. Thus, Plaintiff's allegations are insufficient to support a civil rights claim against the Sheriff in his individual capacity.

* * * *

For the reasons set forth herein, the Complaint is **DISMISSED WITH LEAVE TO AMEND**.

If Plaintiff desires to pursue this action, he is **ORDERED** to file a First Amended Complaint within **thirty (30) days** of the date of this Order, which remedies the deficiencies discussed above.

If Plaintiff chooses to file a First Amended Complaint, it should: (1) bear the docket number assigned in this case; (2) be labeled "First Amended Complaint"; (3) be filled out exactly in accordance with the directions on the form; and (4) be complete in and of itself without reference to the previous complaints or any other pleading, attachment or document. The Clerk is directed to provide Plaintiff with a blank Central District of California civil rights complaint form, which Plaintiff must fill out completely and resubmit.

**Plaintiff is admonished that, if he fails to file a First Amended Complaint by the deadline set herein, the Court may recommend that this action be dismissed for failure to prosecute and failure to comply with a Court order**.

DATED: February 12, 2018

*/s/ John E. McDermott*
JOHN E. MCDERMOTT
UNITED STATES MAGISTRATE JUDGE

8